UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SEAN MICHAEL RYAN,

            Petitioner,

                                                    CASE NO. 14-11611
v.                                                  HONORABLE VICTORIA A. ROBERTS

WILLIAM SMITH,

            Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO TRANSFER ALL COURT RECORDS** (ECF No. 12),
**BUT DENYING PETITIONER'S OTHER MOTIONS AND REQUESTS**
(ECF Nos. 3, 5-11, and 13-14)

Petitioner Sean Michael Ryan recently filed a *pro se* habeas corpus petition

challenging his Saginaw County convictions for seven counts of first-degree criminal

sexual conduct, Mich. Comp. Laws § 750.520b(1)(a).  The state trial court sentenced

Petitioner to concurrent terms of twenty-five to fifty years in prison for six of the seven

counts and to a consecutive term of twenty-five to fifty years for the remaining count.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in a

published decision, *see People v. Ryan*, 295 Mich. App. 388; 819 N.W.2d 55 (2012),

and on October 4, 2012, the Michigan Supreme Court denied leave to appeal because it

was not persuaded to review the issues presented to it.  *See People v. Ryan*, 493 Mich.

865; 820 N.W.2d 918 (2012) (table).

Petitioner subsequently filed a motion for relief from judgment, which the trial

court denied.  Petitioner appealed the trial court's decision, but the Michigan Court of

Appeals denied his application for leave to appeal, and on February 28, 2014, the Michigan Supreme Court denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Ryan*, 495 Mich. 948; 843 N.W.2d 521 (2014) (table). Petitioner's motion for reconsideration of the state supreme court's decision is still pending before the Michigan Supreme Court.

On April 17, 2014, Petitioner filed his habeas corpus petition along with several motions and requests. The habeas petition alleges that (1) the state courts deprived Petitioner of due process by denying his requests for an evidentiary hearing, (2) appellate counsel was ineffective, (3) trial counsel was ineffective, (4) the police delayed Petitioner's probable cause hearing to obtain additional information, (5) the prosecution relied on perjured testimony, (6) the prosecution suppressed exculpatory evidence, (7) the police destroyed or failed to preserve exculpatory evidence, (8) Petitioner was arrested on less than probable cause, (9) the trial court erroneously admitted a videotaped statement, (10) the cumulative effect of errors resulted in an unfair trial, (11) Petitioner is actually innocent, and (12) "other issues properly ex[h]austed."

Petitioner's pending motions seek discovery, oral arguments and an evidentiary hearing, transcripts, release on bond, a stay of these proceedings, and appointment of counsel, an investigator, and a magistrate judge. The Court rules that:

- the motion for appointment of counsel (ECF No. 3) is **DENIED** because "there is no constitutional right to counsel in habeas proceedings," *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and the interests of justice do not require appointment of counsel, 18 U.S.C. § 3006A(a)(2)(B);

- the request for oral arguments on Petitioner's motions (ECF. No. 5) is **DENIED** because oral arguments are not necessary;
- the request for oral arguments, appointment of counsel, and an evidentiary hearing (ECF No. 6) is **DENIED** because oral arguments are unnecessary, the

2

interests of justice do not require appointment of counsel, and habeas corpus "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011);

- the motion for appointment of essential experts or investigators (ECF No. 7) is **DENIED** because the scope and extent of discovery "is a matter confided to the discretion of the District Court," *Bracy v. Gramley*, 520 U.S. 899, 909 (1997), and because "the federal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards," *Milton v. Wainwright*, 407 U.S. 371, 377 (1972), and to determine whether the state courts' adjudication of the petitioner's claims was contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of the facts, 28 U.S.C. 2254(d);

- the motion for a stay of these proceedings until the Michigan Supreme Court decides Petitioner's motion for reconsideration (ECF No. 8) is **DENIED** because the Court anticipates that the state supreme court will issue a decision on Petitioner's motion in a relatively short time;

- the motion to expand the existing record (ECF No. 9) is **DENIED** because Petitioner seeks to supplement the record created by the state court on his motion to suppress evidence, and this Court is precluded from holding an evidentiary hearing on an issue adjudicated on the merits by the state court, *Cullen v. Pinholster*, 131 S. Ct. at 1398;

- the motion to compel discovery of the victim's school records, the report on the sexual assault examination, and depositions (ECF No. 10) is **DENIED** without prejudice pending receipt of the responsive pleading and the state court record;[1]

- the motion to require the State of Michigan to provide Petitioner with all transcripts, motions, and court records (ECF No. 11) is **DENIED** because "a prisoner has no constitutional right to receive a free copy of trial transcripts post-appeal," *United States v. Groce*, 838 F. Supp. 411, 416 (E.D. Wis. 1993), and no absolute right to free copies of a transcript to prepare a collateral attack on his conviction, *United States v. MacCollom*, 426 U.S. 317, 319 (1976); *Smith v. United States*, 421 F.2d 1300 (6th Cir. 1970);

- the motion to transfer all court records (ECF No. 12) is **GRANTED**; in a future

---

[1] The Court will re-consider the motion following its review of the responsive pleading and state-court record. It will *not* be necessary for Petitioner to re-submit his motion.

3

order, the Court will direct the State to file the relevant state court record
pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United
States District Courts;

- the motion for appointment of a magistrate judge to decide nondispositive
  motions (ECF No. 13) is **DENIED** as unnecessary; and

- the motion for release on bond (ECF No. 14) is **DENIED** because Petitioner has
  not persuaded the Court that there are "substantial questions" presented in his
  application for the writ of habeas corpus and that some circumstance makes his
  application "exceptional and deserving of special treatment in the interests of
  justice," *Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted).

IT IS SO ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 13, 2014

The undersigned certifies that a copy of this
document was served on the attorneys of
record and Sean Michael Ryan by electronic
means or U.S. Mail on May 13, 2014.

S/Carol A. Pinegar
Deputy Clerk

4