UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

      Petitioner,

                                        Case No. 14-11611

v.                                         Honorable Linda V. Parker

WILLIAM SMITH,

      Respondent.
_____/

**ORDER GRANTING PETITIONER'S (1) MOTION FOR A JUDGMENT OF NO DEFAULT [ECF NO. 37] AND (2) MOTION FOR SUBSTITUTION OF RESPONDENT [ECF NO. 43] BUT DENYING PETITIONER'S OTHER MOTIONS [ECF NOS. 31-34, 36, 38, 40, 41 & 46]**

      Michigan prisoner Sean Michael Ryan ("Petitioner") has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state convictions for seven counts of first-degree criminal sexual conduct in violation of Michigan Compiled Laws Section 750.520b(1)(a) (penetration of a person under thirteen years of age). Currently pending before the Court are the following motions filed by Petitioner:

      •Motion for Summary Judgment, filed May 22, 2014 (ECF No. 31);

      •Motion for Summary Judgment on Grounds of Intentional Delay in Probable Cause Hearing/Arraignment, filed May 22, 2014 (ECF No. 32);

      •Motion for Summary Judgment on Suppression of Exculpatory

Evidence, filed May 22, 2014 (ECF No. 33);

•Motion for Summary Judgment on Ineffective Assistance of Counsel, filed May 22, 2014 (ECF No. 34);

•Motion to Hold Hearing on Plaintiff's Two Fourth Amendment Issues, filed June 9, 2014 (ECF No. 36);

•Motion for Judgment of No Default, filed June 9, 2014 (ECF No. 37);

•Motion for Judicial Determination, filed June 9, 2014 (ECF No. 38);

•Motion for Summary Judgment on Due Process and Denial of Fundamental Fairness Grounds, filed July 10, 2014 (ECF No. 40);

•Motion for Expedited Order on Docket Number 30, filed August 8, 2014 (ECF No. 41);

•Motion to Substitute Respondent, filed September 17, 2014 (ECF No. 43); and,

•Renewed Motion for Appointment of Counsel, filed October 23, 2014 (ECF No. 46).

For the reasons set forth below, the Court is granting Petitioner's "Motion for Judgment of No Default" and his motion for substitution of the respondent, but is denying his other motions.

## I. Background

Petitioner initially was charged with nine counts of first-degree criminal sexual conduct. The charges arose from his young daughter's allegations that he sexually abused her. At Petitioner's jury trial in the Circuit Court for Saginaw

County, Michigan, Petitioner's daughter testified that he first engaged in vaginal intercourse and oral sex with her when she was eleven years old and that the sexual abuse continued after that initial incident.

During pretrial interrogations by the police, Petitioner confessed that he had engaged in numerous sex acts with his daughter, including vaginal and anal intercourse, fellatio, and cunnilingus. At trial, however, he denied the allegations and claimed that his pretrial confession was the result of being threatened by the police and deprived of medical attention and pain medication at the time.

The jury found Petitioner guilty of seven counts of first-degree criminal sexual conduct. The trial court subsequently sentenced Petitioner to concurrent prison terms of twenty-five to fifty years for six of the seven counts and a consecutive prison term of twenty-five to fifty years for the remaining count. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in a published decision. *People v. Ryan*, 819 N.W.2d 55 (2012). On October 4, 2012, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Ryan*, 820 N.W.2d 918 (2012) (table).

Petitioner subsequently filed a motion for relief from judgment in the trial court, which the court denied after concluding that Petitioner's claim about appellate counsel lacked merit and that his other claims were raised on direct

3

appeal and could not be re-litigated. Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied his application for leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Ryan*, No. 315897 (Nov. 1, 2013). On February 28, 2014, the Michigan Supreme Court denied Petitioner leave to appeal under Rule 6.508(D). *People v. Ryan*, 843 N.W.2d 521 (2014) (table). Petitioner filed a motion for reconsideration, which the Michigan Supreme Court denied on July 29, 2014. *People v. Ryan*, 849 N.W.2d 347 (2014) (table).

On April 17, 2014, Petitioner filed his federal habeas corpus petition. As grounds in support of his request for relief, Petitioner asserts the following: (1) the state courts deprived him of due process by denying his requests for an evidentiary hearing; (2) appellate counsel was ineffective for failing to raise all his claims on direct appeal; (3) trial counsel's omissions deprived him of effective assistance of counsel; (4) the police delayed his probable cause hearing to obtain additional information; (5) the prosecution relied on perjured testimony; (6) the prosecution suppressed exculpatory evidence; (7) the police destroyed or failed to preserve exculpatory evidence; (8) he was arrested on less than probable cause in violation of the Fourth Amendment; (9) the trial court erroneously admitted his partially videotaped statement to the police; (10) the cumulative effect of errors resulted in

an unfair trial; (11) he is actually innocent of the crimes for which he was convicted; and (12) the Court should grant leave to amend his petition with other issues. In a response to the petition filed November 12, 2014, Respondent William Smith argues that Petitioner's claims lack merit or are not cognizable on habeas review. (ECF No. 47.)

## II. Analysis

### A. Motions for Summary Judgment (ECF Nos. 31-34 & 40)

Petitioner seeks summary judgment with respect to the grounds for relief asserted in his petition. A court may grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, "[s]ummary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475 (6th Cir. 2010). When determining whether a genuine issue of material fact exists, the court "views the evidence in the light most favorable to the nonmoving party." *Id*. at 476 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Petitioner's motions for summary judgment raise disputed factual issues or

mixed questions of law and fact, and Petitioner has failed to show that he is entitled to judgment as a matter of law. Therefore, the Court is denying his motions for summary judgment.

### B. Motions for a Hearing and a Conference (ECF Nos. 36 & 42)

In his motion for a hearing (ECF No. 36), Petitioner seeks an opportunity to litigate his Fourth Amendment claims. The Supreme Court has held, however, that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted).

Petitioner claims that he was denied a full and fair hearing in state court despite his requests for a hearing, but "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013), *cert. denied*, No. 14-6114, 2015 WL 303260 (U.S. Jan. 26, 2015). Petitioner had an opportunity to raise his Fourth Amendment claims in state court and, in fact, raised his claims there. (*See* 10/28/10-11/2/10 Hr'g Tr.)

Consequently, his Fourth Amendment claims are not cognizable on habeas review, and he has no right to a hearing on those claims in this Court. The motion for a hearing therefore is denied.

In his motion for a pre-hearing conference (ECF No. 42), Petitioner states that the Court could save time and expense and prevent further illegal detention of him by holding a conference on such issues as trial and appellate counsel's ineffectiveness, the prosecution's suppression of evidence, and other issues. The parties' written pleadings, however, adequately address the issues, and presenting Petitioner to the Court and conducting a pre-hearing conference will, more likely than not, result in an unnecessary expenditure of state and federal resources. Accordingly, Petitioner's motion for a pre-hearing conference also is denied.

### C.  Motion for Judgment of No Default (ECF No. 37)

In his "motion for judgment of no default," Petitioner asks the Court to find that his claim concerning appellate counsel is not procedurally defaulted. Petitioner raised this claim in his motion for relief from judgment. The trial court adjudicated the claim on the merits and concluded that appellate counsel was not ineffective. As such, it does not appear to have been procedurally defaulted.

Moreover, "[a]s [the Sixth Circuit Court of Appeals] has acknowledged, '[p]rocedural default is normally a defense that the State is obligated to raise and

preserv[e] if it is not to lose the right to assert the defense thereafter." *Grumm v. Mitchell*, – F.3d – , 2014 WL 7247393, at *26 (6th Cir. Dec. 22, 2014) (quoting *Arias v. Lafler*, 511 F. App'x 440, 444 (6th Cir. 2013)). Respondent explicitly waived the procedural-default defense in his answer to the habeas petition. (*See* ECF No. 47 at 8.) This Court is not required to raise the issue *sua sponte*. *See Trest v. Cain*, 522 U.S. 87, 89 (1997) (stating that "[a] court of appeals is not 'required' to raise the issue of procedural default sua sponte" because the presence of a procedural default does not deprive a federal court of jurisdiction). As such, the Court concludes that Petitioner's claim concerning appellate counsel is not procedurally defaulted and is granting his "motion for judgment of no default".

### D. Motion for a Judicial Determination (ECF No. 38)

In his next motion, Petitioner asks the Court for a judicial determination on whether the state courts adjudicated any of his claims on the merits. State courts generally are presumed to have adjudicated a habeas petitioner's federal claims on the merits. *See Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) (stating that, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits– but that presumption can in some limited circumstances be rebutted."); *see also Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (stating

that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary"). Moreover, it appears that the state courts did, in fact, adjudicate Petitioner's claims on the merits.

Nevertheless, this Court finds it unnecessary to resolve the issue at this time because it is possible that the Court would reach the same result whether it deferred to the state court's decision or reviewed the issues *de novo*. *Cf. Cotto v. Herbert*, 331 F.3d 217, 252-53 (2d Cir. 2003) (declining to decide whether the state court's ruling on a Sixth Amendment claim was an "adjudication on the merits" within the meaning of 28 U.S.C. § 2254(d), because the court would reach the same result under a *de novo* standard of review). The Court therefore is denying Petitioner's motion for a judicial determination on whether the state courts adjudicated his claims on the merits.

### E.  Motion for Expedited Order on Docket #30 (ECF No. 41)

In this motion, Petitioner asks the Court for an expedited order on his "objections" to the Honorable Victoria A. Roberts' May 13, 2014 decision denying

some of his previous motions.¹ (*See* ECF Nos. 26, 30.) In those objections, Petitioner takes issue with Judge Roberts' denial of his motions seeking the appointment of counsel, oral argument, an evidentiary hearing, appointment of experts or investigators, a stay until the Michigan Supreme Court considers his motion for reconsideration, an expansion of the record, a copy of all transcripts, motions, and court records, and release on bond. Petitioner's "objections" essentially constitute a motion for reconsideration of Judge Roberts' earlier decision.

Pursuant to the Local Rules for the Eastern District of Michigan, motions for reconsideration will not be granted "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Moreover, a motion for reconsideration will be granted only if the movant "demonstrate[s] a palpable defect", the correction of which "will result in a different disposition of the case." (*Id.*)

In his "objections", Petitioner raises the same issues and arguments that Judge Roberts already considered and rejected. Further, Petitioner fails to shown that there is a palpable defect in Judge Roberts' decision or that correcting the

---

¹This action initially was assigned to Judge Roberts but was reassigned to the undersigned pursuant to Administrative Order 14-AO-030 on May 28, 2014. (ECF No. 35.)

defect will result in a different disposition of the case. In fact, some of the issues addressed in Judge Roberts' decision have been reasserted by Petitioner in motions that this Court is now denying. The Court therefore denies Petitioner's motion for reconsideration and denies as moot his motion for an expedited order.

### F.  Motion for Substitution of Respondent (ECF No. 43)

In this motion, Petitioner asks the Court to substitute his current warden, Thomas P. Mackie, for William Smith, who is the warden at the Michigan Department of Correction's facility where Petitioner was incarcerated when he filed his petition.

The correct respondent in a federal habeas action is the person who holds the petitioner in custody. 28 U.S.C. §§ 2242, 2243; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Mackie currently holds Petitioner in custody. Accordingly, the Court is granting Petitioner's motion and directing the Clerk of the Court to substitute Thomas P. Mackie as the respondent in lieu of Willie Smith.

### G.  Renewed Motion for Appointment of Counsel (ECF No. 46)

In this final pending motion, Petitioner renews his request for appointment of counsel. He claims that the Michigan Department of Corrections has reduced the number of hours that prisoners may spend in the library to four hours per week

11

and that this is an insufficient amount of time for him to perform legal research and defend his case.

"[T]here is no constitutional right to counsel in habeas proceedings." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005). Furthermore, in addition to filing briefs supporting claims two through ten, Petitioner has replied to Respondent's answer and filed approximately two dozen motions and requests in this case. The issues appear to be sufficiently briefed, and the interests of justice do not require appointment of counsel. The renewed motion for appointment of counsel is denied.

### III. Conclusion

For the reasons given above,

**IT IS ORDERED** that Petitioner's motions for summary judgment (ECF Nos. 31-34 and 40) are **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motions for a hearing and for a pre-hearing conference (ECF No. 36 and 42) are **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for a judgment of no default (ECF No. 37) is **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for a judicial determination on whether the state courts adjudicated his claims on the merits

(ECF No. 38) is **DENIED**;

IT IS FURTHER ORDERED that Petitioner's motion for an expedited order on docket #30 (ECF No. 41) is **DENIED AS MOOT** as his "objections" are denied.

IT IS FURTHER ORDERED that Petitioner's motion to substitute Thomas P. Mackie as the respondent (ECF No. 43) is **GRANTED** and the Clerk of the Court is directed to substitute Thomas P. Mackie for William Smith as Respondent;

IT IS FURTHER ORDERED that Petitioner's renewed motion for appointment of counsel (ECF No. 46) is **DENIED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 11, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 11, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager