UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

      Petitioner,

v.                                    Case No. 14-11611
                                      Honorable Linda V. Parker

THOMAS MACKIE,

      Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION FOR SUBSTITUTION OF RESPONDENT (ECF NO. 55); (2) REQUESTING RESPONSE TO PETITIONER'S REQUEST FOR AN ORDER DIRECTING STATE OFFICIALS TO RETURN PETITIONER'S PROPERTY (ECF NO. 63); AND (3) DENYING PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 56 & 61), FOR A HEARING (ECF NO. 57), FOR A REMAND TO STATE COURT (ECF NO. 59), AND FOR EXPEDITED REVIEW (ECF NOS. 54 & 58)**

Michigan prisoner Sean Michael Ryan ("Petitioner") has filed a pro se habeas corpus petition challenging his state court convictions for first-degree criminal sexual conduct. Currently pending before the Court are seven motions Petitioner filed in July 2015, and one request he filed on December 22, 2015.[1] For the reasons given below, the Court is granting Petitioner's motion for substitution

---

[1]This Court already has adjudicated twenty-one motions previously filed by Petitioner. Petitioner should be aware that flooding the Court with motions– many of which raise the same request for relief as previously denied motions– delays the Court in its ability to adjudicate his application for habeas relief.

of the respondent, directing Respondent to respond to Petitioner's request for a return of his property, and denying his other motions.

## I. Background

In 2010, a jury in Saginaw County Circuit Court found Petitioner guilty of seven counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a) (penetration of a person under thirteen years of age). The charges arose from allegations that Petitioner sexually abused his young daughter. The trial court sentenced Petitioner to concurrent terms of twenty-five to fifty years in prison for six of the seven counts and to a consecutive term of twenty-five to fifty years in prison for the remaining count. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in a published decision, *People v. Ryan*, 819 N.W.2d 55 (Mich. Ct. App. 2012), and on October 4, 2012, the Michigan Supreme Court denied leave to appeal. *People v. Ryan*, 820 N.W.2d 918 (Mich. 2012) (table). Petitioner also pursued state collateral remedies without success.

On April 17, 2014, Petitioner filed his habeas corpus petition in this Court. (ECF No. 1.) In support of his request for relief, Petitioner asserts the following: (1) the state courts deprived him of due process by denying his requests for an evidentiary hearing; (2) appellate counsel was ineffective for failing to raise all his claims on direct appeal; (3) trial counsel's omissions deprived him of effective

2

assistance of counsel; (4) the police delayed his probable cause hearing to obtain additional information; (5) the prosecution relied on perjured testimony; (6) the prosecution suppressed exculpatory evidence; (7) the police destroyed or failed to preserve exculpatory evidence; (8) he was arrested on less than probable cause in violation of the Fourth Amendment; (9) the trial court erroneously admitted his partially videotaped statement to the police; (10) the cumulative effect of errors resulted in an unfair trial; (11) he is actually innocent of the crimes for which he is incarcerated; and (12) the Court should grant leave to amend his petition with other issues.  Respondent Thomas Mackie ("Respondent") argues in a responsive pleading filed through counsel that Petitioner's claims lack merit or are not cognizable on habeas review.  (ECF No. 47.)  Currently pending before the Court are Petitioner's two motions for summary judgment, motions to expedite review of two motions, motion for substitution of the respondent, and motions for an evidentiary hearing or to remand this case to the state court for an evidentiary hearing.  Petitioner also has filed a request to compel state officials to return his legal property.

## II.  Analysis

A.  **Motions for Summary Judgment (ECF Nos. 56 and 61) and Motion for Expedited Review (ECF No. 54)**

Petitioner alleges in his motion for summary judgment filed on July 2, 2015 (ECF No. 56), that he served requests for admissions on his trial attorney and on the Saginaw County prosecutor on May 28, 2015.  He claims that neither his former attorney nor the prosecutor responded to his requests.  Petitioner seeks expedited review of this motion.  *(ECF No. 54.)*

In his motion for summary judgment filed on July 22, 2015 (ECF No. 61), Petitioner alleges that he served a request for admissions on respondent Thomas Mackie and that Respondent ignored his request.  Petitioner asserts that because his requests were ignored, the requested admissions are deemed admitted and all matters admitted are conclusively established.

The Court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Thus, "[s]ummary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475 (6th Cir. 2010).  When determining whether a genuine issue of material fact exists, the Court "views the evidence in the light most favorable to the nonmoving

party." *Id*. at 476 (citing *Matsushita Elec. Indus. Co., V. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)).

Petitioner seeks to have Respondent and persons who are not parties to this lawsuit admit that there was a delay in his arraignment, that the prosecution suppressed evidence, that trial counsel was ineffective, and that Petitioner's rights under the Fourth Amendment were violated. As an initial matter, a request for admissions is a discovery device, and Petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The scope and extent of discovery is discretionary with the Court. *Id*. at 909.

Petitioner had an opportunity for discovery before his trial, and he subsequently pursued a direct appeal and post-conviction remedies in state court. He has not shown good cause for discovery at this stage of the proceedings. The Court therefore finds that additional discovery is unwarranted.

Moreover, even if deemed admitted, the facts in Petitioner's requests for admissions are contradicted by other evidence in the record such that there are genuine issues of fact precluding summary judgment. Questions of law cannot be resolved through his request for admissions. Legal determinations must be decided by the Court.

To conclude, there are genuine issues of material facts and Petitioner is not entitled to judgment as a matter of law.  Consequently, Plaintiff's motions for summary judgment (ECF Nos. 56 and 61) are denied.  And because the Court was unable to expedite review of Petitioner's motions, his motion for expedited review (ECF No. 54) is denied.

**B.     Motions for an Evidentiary Hearing (ECF No. 57), for Expedited Review of the Motion for an Evidentiary Hearing (ECF No. 58), and for a Remand (ECF No. 59)**

Petitioner seeks to have his case remanded to the state court for an evidentiary hearing on his Fourth Amendment claim.  He also seeks an evidentiary hearing in this Court on his Fourth Amendment claim and expedited review of his motion for an evidentiary hearing.

The Court cannot remand this case to the state court for the issuance of fuller findings to facilitate habeas review.  *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000) ("It would be error for a federal court to 'remand' an action to the state appellate courts for the issuance of fuller findings to facilitate review under AEDPA or for a federal court to order any state court to issue fuller findings.").  Therefore, the Court denies Petitioner's motion for a remand.  (ECF No. 59).

Petitioner also is not entitled to an evidentiary hearing in this Court.  As the Court previously explained to Petitioner (*see* ECF No. 50 at Pg ID 1220), where

the State provides an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner is not entitled to federal habeas corpus relief on the ground that evidence obtained in violation of his Fourth Amendment rights was introduced at the prisoner's trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Although Petitioner claims that he was denied a full and fair hearing in state court, as the Court also explained previously (ECF No. 50 at Pg ID 1220), "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 1174 (2015). Petitioner had an opportunity to raise his Fourth Amendment claim in state court and, in fact, raised his claim there. Consequently, his Fourth Amendment claim is not cognizable on habeas review, and he has no right to a hearing on the claim in this Court. His motion for an evidentiary hearing (ECF No. 58) and his motion for expedited review of the motion (ECF No. 58) are denied.

**C.**     **Motion for Substitution of Respondent (ECF No. 55)**

Petitioner states that he has been transferred to another prison. He seeks to substitute his current warden for respondent Thomas Mackie.

The correct respondent in a federal habeas action is the person who holds the petitioner in custody. 28 U.S.C. §§ 2242, 2243; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The Michigan Department of Corrections' official website reflects that Petitioner is incarcerated at the Chippewa Correctional Facility where Jeffrey Woods is the warden. *See* http://mdocweb.state.mi.us/OTIS2/otis2.aspx. Because Mr. Woods has custody of Petitioner, the Court is granting Petitioner's Motion for Substitution of Respondent and is directing the Clerk of the Court to substitute Jeffrey Woods for Thomas P. Mackie as the respondent. (ECF No. 55).

**D.     Request for a Return of Property (ECF No. 63)**

In his most recent court filing, Petitioner alleges that state prison officials are withholding his legal property. Although the legal property apparently is available to Petitioner one floor away from his cell, he alleges that he has serious health problems and cannot put any weight on one of his legs. He claims that the Michigan Department of Corrections and officials at the prison where he is confined are violating his rights under the Constitution and the Americans with Disabilities Act by making his legal property inaccessible to him. The Court is requesting that Respondent respond to Petitioner's request.

For the reasons given above,

**IT IS ORDERED** that Petitioner's motions for summary judgment, for an evidentiary hearing, for a remand, and for expedited review of his motions (ECF Nos. 54, 56-59, and 61) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for substitution of the respondent (ECF No. 55) is **GRANTED**. The Clerk of Court shall substitute Jeffrey Woods for Thomas Mackie as respondent.

**IT IS FURTHER ORDERED** that Respondent shall file a response to Petitioner's request for the return of his legal property (ECF No. 63) within twenty-one (21) days of this Opinion and Order.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 22, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 22, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager